UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM CARTER
  Plaintiff,

vs.                                                                  No. 07-1216

SYLVIA MAHONE and DENNIS CATION,
  Defendant.

## MERIT REVIEW ORDER

     This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the merit review hearing by telephone conference call.

     The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated at the Pontiac Correctional Center. The plaintiff has named two defendants including Medical Director Sylvia Mahone and CMT Dennis Cation.

     The plaintiff has not paid the required filing fee and has instead submitted a motion for leave to proceed *in forma pauperis*. The plaintiff is aware that he has accumulated three strikes pursuant to 28 U.S.C. §1915(g).[1] However, the plaintiff says he should be allowed to proceed *in forma pauperis* because he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The imminent danger exception is reserved for "genuine emergencies" where "a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury' . . ." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

     The plaintiff says he is going blind in his right eye and suffers from much pain. The plaintiff says he has repeatedly asked for treatment, but the defendants have refused his requests. The plaintiff has adequately alleged a violation of his Eighth Amendment rights and has demonstrated that he does meet the imminent danger exception.

     The plaintiff also alleges that he was prescribed glasses to wear, but Defendant Cation

---

[1] *See Carter v. Mote*, 04-cv-1207 and *Carter v. Mote*, 04-cv-1255, in the Central District of Illinois; and *Carter v. Bigley*, 03-cv-0468, in the Northern District of Illinois.

has refused to give the glasses to him and has instead given them to another inmate. The plaintiff has stated another violation of his Eighth Amendment rights. However, if the plaintiff was attempting to state a violation of his Fourteenth Amendment rights based on the taking of his property, he has failed to state a claim upon which relief can be granted. The plaintiff has failed to allege that the deprivation took place according to any established state procedure, nor that he lacked an adequate remedy under state law *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).

Finally, the plaintiff says Defendant Mahone has violated his Eighth Amendment rights based on the medical co-payment plan. Courts have repeatedly found that co-payment provisions for non-emergency care are constitutional, so prisoners may be charged for medical care as long as necessary medical care is not denied to those unable to pay for it. *Hudgins v. DeBruyn*, 922 F.Supp 144, 150-152 (S.D. Ind. 1996); *Martin v. DeBruyn*, 880 F. Supp. 610, 615 (N.D. Ind. 1995) *aff'd*, 116 F.3d 1482 (7th Cir. 1997), *Reynolds v Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997).) The plaintiff alleges that he is denied care based on his inability to pay. Therefore, the plaintiff has stated a violation of his Eighth Amendment rights.

**IT IS THEREFORE ORDERED:**

**1) The plaintiff has demonstrated that his complaint meets the imminent danger exception of 28 U.S.C. §1915(g). Therefore, the plaintiff's motion to proceed in forma pauperis is granted. [d/e 2]**

**2) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims against the defendants in their individual capacities:**

**a) Defendants Mahone and Cation violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to the plaintiff's serious eye condition.**

**b) Defendant Cation violated the plaintiff's Eighth Amendment rights when he refused to give he plaintiff his prescription glasses.**

**c) Defendant Mahone violated the plaintiff's Eighth Amendment rights when she refused medical care to the plaintiff without payment for that care.**

**3) All other claims based on federal law, other than those set forth in paragraph (2) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**4) This case shall proceed solely on those federal claims identified in paragraph (2) above.**

**Any claims not set forth in paragraph (2) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**5) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**6) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**7) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this  18th  Day of   September,   2007.

C
s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE