UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM L. CARTER,
    Plaintiff,

vs.                                                                                         07-1216

SYLVIA MAHONE and DENNIS CATION,
    Defendants.

CASE MANAGEMENT ORDER #1

This cause is before the court for case management and consideration of various pending motions including: 1) the plaintiff's motions for summary judgement [d/e 21, 23, 34]; 2) the plaintiff's motion for judgement on the pleadings as a matter of law [d/e 29]; and 3) the plaintiff's motion for signature authentication. [d/e 38].

I. BACKGROUND

The pro se plaintiff filed his complaint pursuant to 42 U.S.C. §1983 against two defendants from the Pontiac Correctional Center: Medical Director Sylvia Mahone and Medical Technician Dennis Cation. After merit review, the court found the plaintiff had the following claims:

> 1) Defendants Mahone and Cation violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to the plaintiff's serious eye condition;
> 2) Defendant Cation violated the plaintiff's Eighth Amendment rights when he refused to give the plaintiff his prescription glasses; and,
> 3) Defendant Mahone violated the plaintiff's Eighth Amendment rights when she refused needed medical care to the plaintiff due to his inability to pay.

The claims are against the defendants in their individual capacities only.

II. MOTIONS FOR SUMMARY JUDGEMENT

The plaintiff has filed various dispositive motions. The plaintiff's first two motions are a motion for summary judgement against Defendant Cation [d/e 21] and a motion for summary judgement against Defendant Mahone.[d/e 23]. The plaintiff's third motion for summary judgement is also filed against Defendant Cation and appears to be very repetitive of the initial summary judgement motion. [d/e 34].

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

The plaintiff has not filed appropriate motions for summary judgement. The plaintiff does not have a specific statement of undisputed facts followed by an argument in support of his claims. Instead, the plaintiff has presented "facts" which he says are supported by the numerous attached documents. The plaintiff is mistaken.

For instance, in the first summary judgement motion, the plaintiff's second fact states that he "was prescribed eye glasses to wear and the defendant CMT Dennis Cation deliberately gave my prescribed eye glasses away to another unknown inmate (10/24/2006) and refused to replace them." [d/e 21, p. 2]. In support of this claim, the plaintiff cites to Exhibits 7, 8 and 9, but provides no explanation of these documents or argument in support of his claims. The first document is a memorandum dated May 15, 2007 from the Medical Records Office. The form memo states that the plaintiff's last eye exam was October 2, 2006. The plaintiff is qualified to receive a pair of eyeglasses on October 8, 2006 and the "purchase/replacement cost of eyeglasses prior to the 2-year qualifying date is $22." (Plain Mot, Ex. 7). The plaintiff is then advised to let the office know if he wants to purchase glasses. Defendant Cation did not sign this memo, nor is there any indication it was forwarded to the medical technician.

The second exhibit is a receipt for eyeglasses that lists the plaintiff, but is signed by another inmate and Defendant Cation. [Plain.Mot., Ex.8]. The final exhibit is a letter from the Illinois Circuit Court for the Eleventh Judicial Circuit questioning what kind of action the plaintiff is attempting to file in the state court and whether it should be filed elsewhere.

While the eyeglasses receipt is a confusing document, none of these documents demonstrate that there is no genuine issue as to any of the material facts in the plaintiff's claim against Defendant Cation.

In addition, it appears the plaintiff may have altered some of the documents first submitted with his complaint. The plaintiff will need to explain the additional pages and other changes in the revised copies of these documents that accompany his motion for summary judgment.

Finally, the defendants argue that discovery is not complete and they have not been provided copies of medical records which the plaintiff has used in support of his motion.

Therefore, the plaintiff's motions for summary judgment are all denied.[21, 23, 34] The plaintiff may refile his motions at the close of discovery. In addition, the plaintiff must first set out undisputed facts, and then present an argument in favor of his dispositive motion explaining how the documents are relevant.

The court notes that the plaintiff has filed a motion to amend his summary judgment exhibits. [d/e 27]. The plaintiff has again provided copies of the exhibits that are attached to his dispositive motion. It is unclear why the plaintiff needs to "amend" any of these exhibits, since most are exact copies of the documents attached to his dispositive motions. It is also unclear if the plaintiff is asking to amend individual documents that were originally attached to his complaint. As was previously noted, there is some confusion about which documents are accurate copies. The motion is denied.

### III. MOTION FOR JUDGEMENT

The plaintiff has also filed a motion "For Judgement on the Pleadings as a Matter of Law..." [d/e 29]. The plaintiff cites to Federal Rule of Civil Procedure 12c. However, the plaintiff has attached several documents and therefore asks the court to consider matters outside the pleading. The court will consider the plaintiff's motion another motion for summary judgement. The plaintiff has again not filed a proper dispositive motion. Discovery is not complete, the plaintiff has failed to present a statement of facts and has failed to demonstrate that there is no genuine issue as to any material facts. The motion is denied.

### IV. PLAINTIFF'S MOTION

The plaintiff has filed a "Motion Requesting Signature Authentication of all Plaintiff's Court Motions, Affidavits." [d/e 38]. The motion itself makes no mention of signature authentication and it is not at all clear what the plaintiff is requesting. The plaintiff seems to be alleging that he has been threatened for filing his complaint, but wishes to maintain his lawsuit. The plaintiff's case has not been dismissed and the plaintiff has not indicated that he has been unable to litigate his claims. The plaintiff can also use the prison grievance system for any of his complaints concerning prison employees. The motion is denied.

**IT IS THEREFORE ORDERED that**:

**1) The plaintiff's motions for summary judgement are denied. [d/e 21, 23, 34].**

**2) The plaintiff's motion to amend his exhibit documents is denied. [d/e 27]**

**3) The plaintiff's motion for a judgement as a matter of law is denied. [d/e 29]**

**4) The plaintiff's motion for "signature authentication"  is denied.  [d/e 38]**

Enter this 27th day of May, 2008.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE